■ In the Matter of the Claim of ELIZABETH BALLNUS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 21, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground she voluntarily left her employment without good cause. Claimant worked the night shift as a telephone operator for an answering service concern for about three weeks when she quit. She testified that the coemployee assigned to break her in had another full-time job and often fell asleep during the night shift. Claimant maintained that this conduct of the coemployee made the workload too difficult, and so she quit. The board found that there was no evidence that the employer was dissatisfied with claimant's work performance and determined that her quitting because she was dissatisfied constituted leaving employment for personal and noncompelling reasons and disqualified her from receiving benefits. There is substantial evidence in the record to sustain the board's determination and we should not disturb it. Decision affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.

■ In the Matter of the Claim of NETTIE LEVINE, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 28, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective June 1, 1974, on the ground that she voluntarily left her employment without good cause. The record reveals that claimant elected to justify her leaving her employment on the medical recommendation of Dr. Samuel Marra, who had been treating her for four years immediately prior to the date of her leaving. Dr. Marra not only failed to corroborate her testimony, but he stated she was physically able to work full-time. It was not until claimant received an adverse decision that she chose to introduce further medical proof, and that from a doctor who had not treated her for four years. It was within the discretion of the board to determine the weight, sufficiency and relevancy of claimant's medical proof, and there is substantial evidence on the record to support the factual finding that claimant voluntarily left her employment for personal, noncompelling reasons. *(Matter of Berger [Levine],* 47 AD2d 596; *Matter of Gimpel [Levine],* 46 AD2d

1012). Decision affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Reynolds, JJ., concur.

